UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANITA EISENHAUER,<br><br>      Plaintiff,<br><br>    v.<br><br>CULINARY INSTITUTE OF AMERICA,<br><br>      Defendant. | **Case No. 19-CV-10933**<br><br>**COMPLAINT**<br><br>**ECF CASE** |

COMES NOW THE PLAINTIFF Anita Eisenhauer, by her attorney, Steven M. Warshawsky, for her complaint against the defendant Culinary Institute of America and alleging upon personal knowledge and information and belief as follows:

### NATURE OF THE ACTION

1. This is an action for violation of the federal and state equal pay acts brought by a female professor of the Culinary Institute of America, New York campus, who, from the start of her employment, has been and continues to be paid less than similarly-situated male professors, despite performing equal work, under similar working conditions, on jobs the performance of which requires equal skill, effort, and responsibility. See 29 U.S.C. § 206(d) (EPA); N.Y. Lab. Law § 194 (EPL). This differential treatment is not the result of a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or any other factor other than sex. By this action, the plaintiff seeks all legal and equitable relief available, including back pay, front pay, liquidated damages, attorney's fees and costs, and appropriate injunctive relief. The plaintiff demands trial by jury.

1

**PARTIES**

2. Plaintiff **Anita Eisenhauer** is an adult resident of West Hurley, New York. Ms. Eisenhauer meets the definition of "employee" under all applicable statutes.

3. Defendant **Culinary Institute of America** ("defendant CIA") is a non-profit educational institution with offices at 1946 Campus Drive, Hyde Park, New York, 12538. Defendant CIA meets the definition of "employer" under all applicable statutes.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

7. According to its website (www.ciachef.edu), defendant CIA "is widely recognized as the world's premier culinary college." The cooking faculty at defendant CIA is divided into two main departments, "Culinary Arts" and "Baking

and Pastry Arts." Faculty members in both departments teach the core in-kitchen classes at defendant CIA, often teaching together in the same courses.

8. Ms. Eisenhauer received a bachelor's degree in culinary education from SUNY Empire State College and an MBA in sustainability from Green Mountain College. She has been working full-time in the culinary industry for approximately thirty years.

9. Ms. Eisenhauer started working for defendant CIA in 2002. She is part of the Culinary Arts department. Ms. Eisenhauer was promoted to the academic rank of Professor in 2013.

10. Ms. Eisenhauer has been an exemplary member of defendant CIA's faculty throughout her tenure. She has consistently received high marks in her performance reviews. She holds the distinction of being the first female chef to lead a public restaurant at CIA and subsequently was chosen to open and manage a CIA restaurant in Singapore – both achievements were highlighted by CIA in its marketing materials. Ms. Eisenhauer has participated in multiple volunteer projects, including serving as a club advisor, initiating a food donation program through the Chefs In Community Service Club, organizing CIA's first Sustainability Conference for students, and most recently serving in a leadership role on the Culinary Program Review Committee. She also was the first female faculty member to serve on CIA's Faculty Council. Since 2016, she has served as Chair of the Faculty Council.

11. Despite her outstanding performance, throughout her tenure at defendant CIA Ms. Eisenhauer has been compensated less well than her male colleagues, despite performing substantially similar work.

12. When Ms. Eisenhauer first was hired at defendant CIA, with the title Lecturing Instructor, she was paid a lower starting salary than similarly-situated male new hires, also with the title Lecturing Instructor, despite performing substantially similar work. When she was hired, she was paid $50,000 per year, whereas two similarly-situated male faculty members who were hired the same year were paid approximately $60,000 to $65,000 per year. This discriminatory pay differential continues to negatively affect Ms. Eisenhauer's salary to the present day.

13. Upon information and belief, this pattern of differential pay based on sex was prevalent for decades before Ms. Eisenhauer was hired. Upon information and belief, going back to the 1980s and 1990s, each year there were male and female new hires, the female employees were paid less than the male employees, despite having the same academic rank of Lecturing Instructor and performing substantially similar work. Upon information and belief, these discriminatory pay practices continue to the present day.

14. Today, despite having been a full professor for six years, Ms. Eisenhauer is paid less than similarly-situated male faculty members of lower academic rank. For example, Ms. Eisenhauer is paid approximately $108,000 per year, whereas a male Associate Professor is paid approximately $120,000 per year and two male Assistant Professors are paid approximately $115,000 per year.

15. Furthermore, the male Associate Professor referred to above was hired the same year as Ms. Eisenhauer. They have the same seniority. Nevertheless, he started at a higher salary and currently is paid approximately $12,000 per year more than Ms. Eisenhauer, despite having a lower academic rank.

4

16. This pay discrepancy exists even though Ms. Eisenhauer performs virtually identical duties as her male colleagues, involving equal skill, effort, and responsibility.

17. All CIA faculty members perform their job duties in the same three locales: classrooms, offices, and CIA restaurants.

18. All Lecturing Instructors and Professors, including Ms. Eisenhauer and her similarly-situated male colleagues, are required to maintain full-time, fifteen-credit per semester teaching schedules, typically involving 6-8 hours of classroom instruction. Class sizes are consistent throughout all departments, ranging between 10-20 students per class. Lecturing Instructors and Professors are required to prepare lectures based on course guide schedules, draft individual powerpoint presentations, create tests and other evaluation materials and exercises, and perform other tasks related to classroom instruction. Lecturing Instructors and Professors also are required to hold office hours with students for two hours every week.

19. The positions held by Ms. Eisenhauer and her male counterparts require equal skill as demonstrated by the substantially similar factors defendant CIA considers when hiring new faculty members. CIA requires at least seven years of incremental scaling up of positions within the culinary industry, specifically in leadership positions. Before joining CIA's staff, Ms. Eisenhauer had over ten years of experience in incrementally higher positions in New York City restaurants, including the position of executive chef. She also held leadership positions in reputable restaurants abroad. Her male counterparts held similar positions in New York City and Europe prior to being hired by CIA. Additionally, all potential candidates must undergo the same pre-hiring evaluation process, which includes an

5

in-person interview with the HR director and passing a practical exam that involves an in-class teaching demonstration and a cooking test.

20. Ms. Eisenhauer has comparable educational credentials to her higher-paid male colleagues. As stated above, Ms. Eisenhauer received a bachelor's degree in culinary education from SUNY Empire State College and an MBA in sustainability from Green Mountain College. It is noteworthy that one of Ms. Eisenhauer's male colleagues, who was hired approximately six years after Ms. Eisenhauer, holds the same degrees from the same universities. Nevertheless, despite having the same educational background and lesser seniority, he is paid more than Ms. Eisenhauer.

21. Defendant CIA's performance review process further indicates that CIA considers all faculty positions to be substantially similar. All CIA faculty members are assessed under the same criteria regardless of position. Specific categories of assessment include following and enforcing policies, staying on budget, collaborative work within departments, service work, and student reviews. Faculty members are assessed on a scale from 1 to 5, with 5 being the highest possible score; however, it is common knowledge at CIA that scores of 5 are rarely given out. In her last review, Ms. Eisenhauer received an overall score of 4.

22. Although male faculty members who have more seniority are paid more than their female peers, the same is not true for female faculty members with more seniority; they are not paid more than their male peers. Ms. Eisenhauer is paid approximately the same amount as a similarly-situated male Professor who has six years less seniority. Upon information and belief, other male faculty members with less seniority are paid more than Ms. Eisenhauer.

23. Upon information and belief, this pattern of differential pay based on sex applies to other female faculty members, who are out-earned by their male peers at every academic rank and seniority level. For example, two female Professors who were hired in 1990 and 1991 are paid less than a male Professor who was hired in 1995. They were paid less when they started, as Lecturing Instructors, and they are paid less today, as Professors.

24. Upon information and belief, every female faculty member at defendant CIA has experienced discriminatory pay practices that continue to negatively affect her compensation to the present day.

25. It is implausible that the pay differential that clearly exists between similarly-situated male and female faculty members at defendant CIA, which always favors the male faculty member, is based "on any other factor other than sex."

## COUNT ONE: VIOLATION OF EPA

26. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant CIA is liable to the plaintiff for violation of the federal Equal Pay Act, 29 U.S.C. § 206(d).

27. During Ms. Eisenhauer's employment, defendant CIA required her to perform the same or substantially same job duties as other male employees, requiring equal skill, effort, and responsibility, under similar working conditions, and paid her at a rate of pay less than such male employees.

28. Defendant CIA engages in policies and/or practices of employment that discriminate against Ms. Eisenhauer on the basis of her sex by paying her a lower rate of pay than that paid to male employees performing the same or

substantially similar job duties requiring equal skill, effort, and responsibility, under similar working conditions.

29. As a direct and proximate result of defendant CIA's unlawful and discriminatory conduct, Ms. Eisenhauer has suffered financial damages, for which she is entitled to an award of back pay, front pay, liquidated damages, attorney's fees and costs, and appropriate injunctive relief.

## COUNT TWO: VIOLATION OF EPL

30. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant CIA is liable to the plaintiff for violation of the state Equal Pay Law, N.Y. Lab Law § 194.

31. During Ms. Eisenhauer's employment, defendant CIA required her to perform the same or substantially same job duties as other male employees, requiring equal skill, effort, and responsibility, under similar working conditions, and paid her at a rate of pay less than such male employees.

32. Defendant CIA engages in policies and/or practices of employment that discriminate against Ms. Eisenhauer on the basis of her sex by paying her a lower rate of pay than that paid to male employees performing the same or substantially similar job duties requiring equal skill, effort, and responsibility, under similar working conditions.

33. As a direct and proximate result of defendant CIA's unlawful and discriminatory conduct, Ms. Eisenhauer has suffered financial damages, for which she is entitled to an award of back pay, front pay, liquidated damages, attorney's fees and costs, and appropriate injunctive relief.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, the plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays for relief as follows:

A. A judgment declaring that the defendant violated the FLSA and the New York State Labor Law;

B. A judgment declaring that the defendant's violations were willful and not in good faith;

C. A judgment awarding the plaintiff all back pay, front pay, and liquidated damages she is entitled to under federal and state labor laws and regulations;

D. An order imposing appropriate injunctive remedies on the defendant, including but not limited to an order prohibiting the defendant from continuing to engage in the unlawful conduct alleged herein;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Attorney's fees and costs as allowed by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 26, 2019
New York, NY

Respectfully submitted,

*Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
The Warshawsky Law Firm
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com

*Attorney for Plaintiff Anita Eisenhauer*