```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

Anita Eisenhauer,

                              Plaintiff,

        -against-

Culinary Institute of America,

                              Defendant.

------------------------------------------------------------------

19-cv-10933 (VR)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2024

**VICTORIA REZNIK, United States Magistrate Judge:**

## I. INTRODUCTION

This action is before the Court on remand from the Second Circuit. *Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 526 (2d Cir. 2023). The parties have submitted letter briefs, addressing whether the Court should exercise supplemental jurisdiction over the one surviving claim, a pay-discrimination claim under New York Labor Law § 194(1). For the reasons explained below, the Court declines to exercise supplemental jurisdiction. Thus, Plaintiff's § 194(1) claim is **DISMISSED** without prejudice and the action is closed.

## II. BACKGROUND

In November 2019, Plaintiff Anita Eisenhauer, a female professor at the Culinary Institute of America, sued the Culinary Institute, alleging that she had been a victim of pay discrimination, in violation of the Equal Pay Act, 29 U.S.C. § 206(d), and New York Labor Law § 194(1). (ECF No. 1). In September 2020, the parties consented to jurisdiction before a magistrate judge, pursuant to 28 U.S.C. § 636(c). (ECF No. 15).

After the close of discovery, the parties cross-moved for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure. (*See* ECF Nos. 23 to 33). In November 2021,

the undersigned's predecessor granted summary judgment for the Culinary Institute. *Eisenhauer v. Culinary Inst. of Am.*, No. 19-cv-10933, 2021 WL 5112625, at *10 (S.D.N.Y. Nov. 3, 2021). In doing so, the Court evaluated Eisenhauer's federal- and state-law claims "under the same standard." *Id.* at *3. The Court concluded, as a matter of law, that (1) although Eisenhauer had established a prima facie case of sex-based pay discrimination, (2) the Culinary Institute had justified the pay disparity with its compensation plan, a "factor other than sex" that (3) Eisenhauer had failed to show was a pretext for discrimination. *Id.* at *10; *see Eisenhauer*, 84 F.4th at 514. The Court entered judgment and terminated the action. (ECF No. 37).

Eisenhauer appealed to the Second Circuit (ECF No. 38), and the Second Circuit's Mandate issued in December 2023 (ECF No. 43). The Second Circuit affirmed in part insofar as the Court had granted summary judgment for the Culinary Institute on the Equal Pay Act claim. *Eisenhauer*, 84 F.4th at 526. But the Second Circuit vacated in part and remanded insofar as the Court had granted summary judgment for the Culinary Institute on the § 194(1) claim. *Id.* The Second Circuit reasoned that the Court had erred by considering the federal- and state-law claims under the same standard. *Id.* Specifically, the Court had failed to consider that "[u]nder New York Labor Law § 194(1), to establish the 'factor other than sex' or 'status' defense, a defendant must prove that the pay disparity in question results from a differential based on a job-related factor." *Id.* The Second Circuit explained that until January 2016, it may have been proper for the Court to evaluate an Equal Pay Act claim and § 194(1) claim under the same standard. *Id.* at 525. But since at least January 2016, the relevant standards have differed because New York State's legislature amended § 194(1) to include a job-relatedness requirement. *Id.* Thus, the Second Circuit vacated the order granting summary judgment as to Eisenhauer's § 194(1) claim and remanded the case for the "Court to decide whether to invoke its discretion to exercise

supplemental jurisdiction over that state-law claim," and, if the Court were to exercise supplemental jurisdiction, to "assess Eisenhauer's § 194(1) claim anew." *Id.* at 526.

On remand, the Court held a telephonic Status Conference and directed the parties to submit letter briefs on whether the Court should exercise supplemental jurisdiction. (ECF 12/05/2023 Minute Entry). Eisenhauer argues that the Court should decline to exercise supplemental jurisdiction over the § 194(1) claim (ECF No. 41), while the Culinary Institute argues the opposite. (ECF No. 44).

### III. DISCUSSION

Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023). Under 28 U.S.C. § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." But under 28 U.S.C. § 1367(c), federal courts may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the Court had supplemental jurisdiction over Eisenhauer's New York Labor Law § 194(1) claim because the Equal Pay Act and § 194(1) claims were so related that they formed part of the same case or controversy. 28 U.S.C. § 1367(a). Both pay-discriminations claims "derive[d] from a common nucleus of operative fact," *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (per curiam) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 165 (1997)), namely, an alleged sex-based pay-disparity between the compensation Eisenhauer received from the Culinary Institute and the compensation the Culinary Institute provided to a similarly situated male employee.  The Court now may decline to exercise supplemental jurisdiction over the § 194(1) claim because it "has dismissed all claims over which it ha[d] original jurisdiction," as the Second Circuit has affirmed this Court's grant of summary judgment, which dismissed Eisenhauer's Equal Pay Act claim.  28 U.S.C. § 1367(c).

Courts deciding whether to exercise supplemental jurisdiction must balance the so-called *Gibbs* factors outlined by the Supreme Court in *United States v. Gibbs*, 383 U.S. 715, 726 (1966).  Those factors include the "values of judicial economy, convenience, fairness, and comity."  *Delaney*, 766 F.3d at 170 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see Gibbs*, 383 U.S. at 726.[1]  The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Cohill*, 484 U.S. at 350 n.7.  This is especially true when the remaining claims involve unresolved issues of state law.  *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the claim raises a novel or complex issue of State law . . . ."); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.").[2]

---

[1] "[T]his Circuit has recognized that the *Gibbs* factors are merged into the subsection 1367(c) analysis . . . ."  *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998).  "According to *Gibbs*, 'considerations of judicial economy, convenience and fairness to litigants' support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions."  *Cohill*, 484 U.S. at 349 (quoting *Gibbs*, 383 U.S. at 726).
[2] *See also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003); *Seabrook v. Jacobson*, 153 F.3d 70, 72–73 (2d Cir. 1998); *Morse v. Univ. of Vt.*, 973 F.2d 122, 127–28 (2d Cir. 1992).

On balance, the *Gibbs* factors point toward declining to exercise supplemental jurisdiction. "Beginning with judicial economy, the Court 'considers its familiarity with the facts, the timing of the case, the number of parties and claims, the amount of discovery, and whether there is ongoing parallel litigation.'" *UBS Sec. LLC v. Dondero*, _ F. Supp. 3d _, No. 23-cv-1965, 2023 WL 8472322, at *8 (S.D.N.Y. Dec. 7, 2023) (alterations omitted) (quoting *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 392 (S.D.N.Y. 2013)). "In weighing convenience, courts ask whether the case is easily resolvable, and, if it is, whether it is more appropriate to resolve the case than decline to exercise jurisdiction." *Chenensky*, 942 F. Supp. 2d at 392.[3] Here, judicial economy and convenience weigh against exercising supplemental jurisdiction. It is true that this action has been pending since 2019, that the parties engaged in discovery in this Court before Judge Davison, and that Judge Davison decided the parties' cross-motions for summary judgment before his retirement. But this action was reassigned to the undersigned on remand from the Second Circuit about two years after those motions were decided. Thus, the undersigned has no more familiarity with the facts and legal issues of this case than any state court judge would have at this stage of the proceedings. *See, e.g., Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, No. 17-cv-4525, 2018 WL 2247206, at *10 (S.D.N.Y. May 15, 2018) (declining to exercise supplemental jurisdiction because the court was "no more familiar with the facts and legal issues of th[e] case than any court would be" at that given stage of the proceeding). The posture of this case also weighs against exercising supplemental jurisdiction. Eisenhauer has one claim against one defendant on a purely state law issue, and the parties already completed discovery. Though the parties disagree on whether

---

[3] *See also UBS Sec. LLC*, 2023 WL 8472322, at *8 (finding that claims were "not 'easily resolvable,'" such that it would not be more convenient for the court resolve the case than decline to exercise jurisdiction) (quoting *Chenensky*, 942 F. Supp. 2d at 392); *Gordillo v. Bank of N.Y. Mellon Corp.*, No. 12-cv-212, 2015 WL 5786460, at *22 (S.D.N.Y. Sept. 29, 2015).

further discovery would be needed, such discovery would be minimal, and likely limited to the job-relatedness aspect of Eisenhauer's claim under state law.[4] On the one hand, perhaps little remains for this Court to do, beyond deciding the legal issues on summary judgment, which arguably makes this case easily resolvable. But this same argument points to having a state court judge handle the remainder of this case. Because both parties largely agree on the facts, and mainly seek a legal ruling on an issue of state law, little additional preparation will be required in state court before refiling summary judgment motions on a purely state law issue.[5] And, as discussed below, doing so will provide the parties with a surer-footed reading of state law in the process. Under these circumstances, judicial economy and convenience would best be served by declining to exercise supplemental jurisdiction.

"Fairness involves questions of equity: Will declining jurisdiction prejudice the parties, and are the parties responsible for any such prejudice?" *Chenensky*, 942 F. Supp. 2d at 392; *see, e.g.*, *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("We are not persuaded by Pitchell's argument that he is being prejudiced by the delay resulting from the necessary pursuit of his state-law claims in state court. As already stated, there is little, if any, dispute as to the facts, and little additional pretrial preparation will be required in state court."). Here, the Culinary Institute will not be prejudiced by the delay resulting from Eisenhauer's necessary pursuit of her § 194(1) claim in state court. As noted above, "there is little, if any, dispute as to the facts, and little

---

[4] During the December 5, 2023, telephonic Status Conference, Eisenhauer asserted that she would propose engaging in limited discovery, targeted at the state statute, while the Culinary Institute asserted that no further discovery is needed.

[5] *See* ECF Nos. 41 at 2–4 (arguing against exercising supplemental jurisdiction because the remaining "claim raises a novel or complex issue of State law," and "[w]hether in federal court or in state court, there will be another round of summary judgment briefing, perhaps [preceded by] some limited discovery"); 44 at 3 ("In this case it is undisputed that faculty pay differentials arise from the faculty members' starting salaries based on their experience and qualifications at the time of hire, and thereafter each faculty member's salary increases are entirely formulaic under the CBA. The only question that remains to be decided is a purely legal issue, whether the CBA's salary increases constitute a 'business-related' 'factor other than sex.'") (citation omitted).

additional . . . preparation will be required in state court" before refiling summary judgment motions. *See Pitchell*, 13 F.3d at 549. Thus, fairness favors declining to exercise supplemental jurisdiction.

The final factor, comity, considers "the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Int'l Coll. of Surgeons*, 522 U.S. at 173.[6] At a more fundamental level, comity "reflects a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Levin v. Com. Energy Inc.*, 560 U.S. 413, 421 (2010) (internal quotation marks omitted).[7] "Comity is especially implicated when state law has not been definitively interpreted by the state courts." *Chenensky*, 942 F. Supp. 2d at 395. "In such cases, 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Id.* (alteration omitted) (quoting *Gibbs*, 383 U.S. at 726–27)). Indeed, under 28 U.S.C. § 1367(c)(1), district courts may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law . . . ." *See also Kolari*, 455 F.3d at 124 ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.").

Here, the job-relatedness requirement § 194(1) is not exactly new—it has existed since the statute was amended in 2016. *See* N.Y. Lab. Law § 194(1)(d)(ii) (2016); *Eisenhauer*, 84

---

[6] *See also UBS Sec. LLC*, 2023 WL 8472322, at *9; *Chenensky*, 942 F. Supp. 2d at 392.
[7] *See also UBS Sec. LLC*, 2023 WL 8472322, at *9.

F.4th at 525.[8]  Yet there is a dearth of caselaw in this District applying or interpreting it.  Indeed, this Court has found only two cases in the Southern District applying § 194(1)'s job-relatedness requirement, neither of which involved Collective Bargaining Agreements, as in this case.  *See Edelman v. NYU Langone Health Sys.*, _ F. Supp. 3d _, No. 21-cv-502, 2023 WL 8892482, at *10 (S.D.N.Y. Dec. 26, 2023) (denying post-trial motion for judgment notwithstanding the verdict or new trial on § 194(1) claim because defendants proved that pay disparity was based on job-related factors relating to doctors' position, distinctive geographical role, and lengthier experience), *appeal pending*, No. 24-251 (2d Cir. filed Jan. 30, 2024); *see also Moazzaz v. MetLife Inc.*, No. 19-cv-10531, 2024 WL 1312995, at *5–6 (S.D.N.Y. Mar. 26, 2024) (denying summary judgment on § 194(1) claim because triable issues of fact existed about whether MetLife's purportedly gender-neutral grading system was a "job-related" factor other than sex).  Nor has this Court found any applicable state court case that has definitively interpreted § 194(1)'s job-relatedness requirement, let alone one that has interpreted its application in the context of a Collective Bargaining Agreement.  Thus, comity strongly counsels against exercising supplemental jurisdiction.  It avoids a needless decision of state law and promotes justice between the parties by procuring for them a surer-footed reading of § 194(1)'s job-relatedness requirement.

       Thus, on balance, the above factors weigh against exercising supplemental jurisdiction.

---

[8] Act of Oct. 21, 2015, 2015 N.Y. Laws 362 (amending the labor law, in relation to the prohibition of differential pay because of sex).

## IV. CONCLUSION

For the above reasons, the Court declines to exercise supplemental jurisdiction. Eisenhauer's New York Labor Law § 194(1) claim is **DISMISSED** without prejudice. The Clerk of Court is respectfully directed to terminate any pending motions and to close the case.

**SO ORDERED.**

DATED:   White Plains, New York
         April 26, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge